# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| GREGORY CARLILE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )  Case No.   10-cv-3234 |
| NORTH AMERICAN ASSET SERVICES, | ) |
| LLC, d/b/a FRONTIER FINANCIAL | ) |
| GROUP, | ) |
| | ) |
| Defendant. | ) |

# O R D E R   &   O P I N I O N

This matter is before the court on Plaintiff's Motion for Default Judgment. (Doc. 8).  Responses to this Motion were due on December 2, 2010; none were filed. For the reasons stated below, Plaintiff's Motion for Default Judgment is GRANTED.

## DISCUSSION[1]

Plaintiff, Gregory Carlile, filed his Complaint in this matter on September 13, 2010, alleging that Defendant, North American Asset Services, LLC, d/b/a Frontier Financial Group, had violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").  (Doc. 1).  Summons was issued as to Defendant and returned executed on September 20, 2010.  (Doc. 4).  As of November 2, 2010, Defendant had failed to appear or answer the Complaint and Plaintiff moved for the

---

[1] Unless otherwise noted, all factual information is drawn from Plaintiff's Complaint (Doc. 1).  Upon a defendant's default in federal court, the well-pleaded facts relating to liability in a Complaint are taken as true.  *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983).  FED. R. CIV. PRO. 8(b)(6).  Default was entered in this matter on November 4, 2010. Therefore, the allegations of the Complaint are deemed to be true.

Entry of Default Judgment. (Doc. 5). Such Motion was granted by Magistrate Judge Cudmore on November 4, 2010 (Doc. 7), whereupon Plaintiff filed the instant motion for Default Judgment. (Doc. 8).

Based upon the allegations in Plaintiff's Complaint, the Court finds that Defendant violated the FDCPA in the following ways:

1) communicated with the Plaintiff after Defendant knew that Plaintiff was represented by an attorney with regards to the subject debt in violation of 15 U.S.C. § 1692b(6) and despite the fact that the attorney had not consented for Defendant to have direct communication with the Plaintiff in violation of 15 U.S.C. § 1692c(a)(2);

2) communicated in connection with the collection of any debt with a person other than Plaintiff, his attorney, or any other person allowable under statute in violation of 15 U.S.C. § 1692c(b);

3) engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

4) used false, deceptive, misleading, and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. § 1692e;

5) falsely represented by implication that he was an attorney in violation of 15 U.S.C. § 1692e(3);

6) represented or implied that nonpayment of the alleged debt would result in the arrest or imprisonment of Plaintiff, or the garnishment of Plaintiff's wages, when the Defendant did not intend to take such action in violation of 15 U.S.C. § 1692e(4);

7) threatened to take action that cannot legally or was not intended to be taken in violation of 15 U.S.C. § 1692e(5);

8) falsely represented or implied that Plaintiff had committed a crime or other conduct in order to disgrace Plaintiff in violation of 15 U.S.C. § 1692e(7);

9) used false representations and deceptive means to attempt to collect a debt from Plaintiff in violation of 15 U.S.C. § 1692e(10);

10) failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication would be used for the purpose of collecting a debt in violation of 15 U.S.C. § 1692e(11);

11) used unfair and/or unconscionable means to attempt to collect a debt in violation of 15 U.S.C. § 1692f; and

12) failed to comply with the provisions of 15 U.S.C. §1692g(a).

Based upon these violations, Plaintiff seeks $1,000 in statutory damages, $1,500 in actual damages, and $2,641 in attorneys' fees and costs. Under the FDCPA, a debt collector who violates any provision of the FDCPA is liable for actual damages sustained by the plaintiff as a result of the violation, additional statutory damages up to $1,000 as the court may allow, and the plaintiff's costs and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). In making the determination of the amount of liability the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

"Although upon default judgment the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of

damages suffered ordinarily are not." *Dundee Cement Co. v. Howard Pipe &*
*Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Further, "[a] judgment
by default may not be entered without a hearing on damages unless . . . the amount
claimed is liquidated or capable of ascertainment from definite figures contained in
the documentary evidence or in detailed affidavits." *Id.* Accordingly, the Court must
look to the affidavits connected to Plaintiff's Motion for Default Judgment in order
to determine whether or not to award the damages sought.

With regards to the statutory damages of $1,000, the Court finds that based
upon Defendant's conduct in placing phone calls to Plaintiff after being informed
that Plaintiff was represented by an attorney, in contacting Plaintiff's sister-in-law
and brother in connection with its debt collection, and its representations that
Plaintiff's file would be forwarded to the District Attorney, its noncompliance was
intentional and sufficient to warrant the full $1,000.00 of statutory damages. In
addition, with regards to Plaintiff's claim for attorneys' fees and costs, the Court
finds his claims to be substantiated by the record. Plaintiff has submitted the
affidavits of its attorneys documenting their reasonable attorneys' fees in the
amount of $2,241.00 and costs in the amount of $400.00. (Doc. 8 at 6 and Doc. 8-2).
Because these figures are reasonable and ascertainable based upon definite figures
contained in Plaintiff's Motion, the Court finds that these damages are warranted.

In connection with Plaintiff's claim for actual damages, the Court notes that
Plaintiff is only seeking to recover for emotional distress. (Doc. 8-2 at 3). While
emotional distress damages are recoverable under the FDCPA, a Plaintiff cannot
rely solely on his own conclusory statements of emotional distress to support his

claim of harm. *See Wantz v. Experian Info. Solutions*, 386 F.3d 829, 834 (7th Cir. 2004). Instead, the Plaintiff "must explain the circumstances of his injury in reasonable detail" unless "the facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action." *Id.* (*quoting Denius v. Dunlap*, 330 F.3d 919, 929 (7th Cir. 2003)). Here, Plaintiff asserts that he suffered personal humiliation, embarrassment, mental anguish and emotional distress after Defendant contacted his family, threatened to file a lawsuit and garnish his wages, and implied that criminal charges could be brought against him. (Doc. 8-1 at 3). Plaintiff also asserts that "I felt that no matter what action I took to protect myself they were still going to come after me and bother me" and that I sat around very anxious and never received any paperwork regarding a lawsuit or wage garnishment." (Doc. 8-1 at 3). The Court finds that Plaintiff has provided more than bare allegations of emotional distress and has explained the circumstances of his injuries in reasonable detail. Accordingly, an award of $1,500.00 in actual damages is appropriate.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment (Doc. 8) is GRANTED. The Clerk is DIRECTED to ENTER JUDGMENT in favor of Plaintiff and against Defendant in the amount of $5,141.00.[2] IT IS SO ORDERED.

CASE TERMINATED.

---

[2] The damages are awarded as follows: $1,000 in statutory damages, $1,500 in actual damages, and $2,641 in attorneys' fees and costs.

Entered this <u>8th</u> day of December, 2010.

s/ Joe B. McDade
<hr>
JOE BILLY McDADE
United States Senior District Judge
